[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
DATE OF SENTENCE DECEMBER 10, 1998 DATE OF APPLICATION NOT DATED DATE OF APPLICATION FILED DECEMBER 10, 1998 DATE OF DECISION DECEMBER 10, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Tolland, Docket Number CR98-64864, CR98-64865
 Timothy Liston, Esq. For the State of Connecticut
Michael Devlin, Esq. For the Petitioner
SENTENCE AFFIRMED
 BY THE DIVISION
The petitioner entered guilty pleas under the Alford Doctrine to one count of Arson in the First Degree; one count of Assault in the Second Degree, and one count of Violation of a Protective Order. The defendant received a total effective sentence of twenty-five years incarceration suspended after he serves fifteen years and thereafter a period of probation for five years.
The following facts and procedural history guide our resolution of the petitioner's application for sentence review. CR98-64864:
On January 4, 1998, at approximately 2:06 a.m., Vernon Police responded to a neighbor's complaint of a disturbance at 120 East Main Street Rockville. The residents of the apartment, the petitioner and his girlfriend were located. The female was in bed inside the apartment, and she arose at the request of the police. They observed dried blood on her lips and her mouth. She walked with a limp. She explained to the police CT Page 15334-ib that her injuries were caused by a fall, and denied that the petitioner hit her.
She was transported to the hospital for treatment of her injuries that included a collapsed right lung. Later, she told a police officer that she had been sitting on the back porch steps when the petitioner started swearing at her. Earlier, she had left the apartment due to the petitioner's intoxication and foul mood. The petitioner came out to the porch and picked her up by the hair and threw her over the railing. She fell about 10 feet to the ground and struck her side on the house foundation. The petitioner was under a partial protective order and the victim was several months pregnant at the time of the assault. CR98-64865:
While Vernon Police were at 120 East Main Street, Rockville to investigate the domestic dispute, they saw the petitioner sitting on the front stoop. As they spoke to the petitioner about the incident, he ran inside and locked the door. Police were unsuccessful in getting him to come out, and a short time later they saw flames inside the apartment. Police kicked down the front door and found thick flames and heavy black smoke engulfing the interior of the apartment. The petitioner was pulled out of the apartment through a window and treated for smoke inhalation.
The petitioner confessed that he wanted to hurt himself and so he started the fire by lighting a sheet with his cigarette lighter. As the fire spread, he waved the sheet around to put it out, but it had the opposite effect. At the time of the fire, there were nine tenants in the multi family apartment. All the tenants were evacuated safely, but some officers suffered minor injuries.
The petitioner, based upon a sentencing agreement, expected to receive at the time of sentencing a total effective sentence of twenty-five years incarceration, suspended after he served not more than sixteen years incarceration with a right to argue for a lesser sentence at the time of sentencing.
The Trial Court pursuant to that sentencing agreement, sentenced the petitioner to a total effective sentence of twenty-five years incarceration suspended after he served fifteen and five years probation.
Counsel for the petitioner urged the Division to consider the age of the petitioner and his profoundly dysfunctional family background and his mental health history. CT Page 15334-ic
Counsel for the State emphasized the prior felony history of the petitioner, and his age in relationship to these felony convictions. He further urged the Division to consider that the petitioner was on probation for just a short period of time before these crimes were committed.
The petitioner addressed the Division and stated that he had no memory of what happened that night and alluded to his dysfunctional childhood. The petitioner further expressed his remorse but did not accept responsibility for the crimes.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in its scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and the denunciatory purposes for which the sentence was intended." The petitioner by the age of eighteen had been convicted of two counts of sexual assault in the first degree. Both victims were children (three and twelve). The petitioner was incarcerated for five years and within eight months after release from prison and while on probation, he committed the crimes subjecting this review.
He assaulted his pregnant girlfriend and set fire to a multi-family dwelling placing people in physical jeopardy and causing substantive property loss.
The record reveals the Trial Court considered the petitioner's dysfunctional and abusive background, his prior criminal history and his mental health concerns prior to imposing sentence.
The Trial Court concluded that the petitioner is a "danger to the community and a danger to society . . . and society needs to be protected from you. . .".
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq., and Connecticut General Statutes § 51-94 et seq.
Here in reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The Division finds the sentence imposed was neither inappropriate nor CT Page 15334-id disproportionate.
The sentence is AFFIRMED.
 ___________________, J. MIANO
 ___________________, J. FORD
 ___________________, J. HOLDEN,
Miano, J., Ford, J. and Holden, J. participated in this decision. CT Page 15334-ie